**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

DEVAUGHN A. MARKS,

                              Petitioner,

v.                                                                 Case No. 16-11927

THOMAS WINN,

                              Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

This is a petition for a writ of habeas corpus filed by a state prisoner under 28 U.S.C. § 2254. After a jury trial in the Washtenaw Circuit Court, Petitioner Devaughn Marks was convicted of armed robbery, MICH. COMP. LAWS § 750.529, conspiracy to commit armed robbery, MICH. COMP. LAWS § 750.157a, and resisting and obstructing a police officer. MICH. COMP. LAWS § 750.81d(1). Petitioner was sentenced as a fourth-time habitual felony offender to 15 to 30 years for the armed robbery and conspiracy convictions and 16 to 24 months for the resisting or obstructing conviction.

The petition raises four claims: (1) Petitioner's trial counsel was ineffective for failing to object to the victim identifying him at trial, (2) the prosecutor committed misconduct by distorting the burden of proof during closing argument, (3) Petitioner was denied the effective assistance of trial and appellate counsel when his attorneys failed to challenge the jurisdiction of the trial court, and (4) Petitioner's Sixth Amendment right to a jury trial was violated by the trial court scoring the sentencing guidelines based on facts not found

beyond a reasonable doubt by the jury. The court will deny the petition because review of all of Petitioner's claims is barred by his procedural default, having failed to raise them in the state courts during his appeal of right. The court will also deny a certificate of appealability, and deny leave to appeal in forma pauperis.

## I. BACKGROUND

This court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> On November 9, 2009, Brahim Brucetta was working for New York Pizza Depot. At approximately 10:00 p.m., he was sent to deliver a pizza to an apartment. He knocked on the door to the apartment, which appeared to be unoccupied, and was attempting to call his employer when defendant came up behind him and put a gun to his head. Defendant forced him into another apartment, where his co-defendant was waiting, armed with a knife. The two men robbed Brucetta of his wallet, money, and phone and left him in the apartment. Brucetta left the apartment, located a security officer and asked him to call the police. The police arrived almost immediately and shortly thereafter located and arrested defendant and his co-defendant. Though Brucetta's wallet was found, neither defendant nor his co-defendant was found to have a weapon at the time of their arrest.

*People v. Marks*, No. 301118, 2011 WL 6268227, at *1 (Mich. Ct. App. Dec. 15, 2011).

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate brief raised the following claims:

> I. Petitioner's trial was rendered fundamentally unfair when jury saw his co-defendant in shackles.
>
> II. Insufficient evidence was presented at trial to sustain Petitioner's convictions for armed robbery and conspiracy to commit armed robbery.
>
> III. The trial court incorrectly scored the sentencing guidelines.
>
> Petitioner also filed a supplemental pro se brief raising the following additional

claims:

> I. The trial court erred in denying Petitioner's motion for a directed verdict because insufficient evidence was presented to sustain the charged offenses.
>
> II. The trial court erred in scoring the sentencing guideline offense variables.
>
> III. Insufficient evidence was presented at trial to support the armed robbery charge.
>
> IV. Insufficient evidence was presented at trial to support the conspiracy to commit armed robbery charge.
>
> V. The cumulative effect of trial errors rendered Petitioner's trial fundamentally unfair.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *Id.*

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court raising an entirely different set of claims:

> I. Petitioner was denied the effective assistance of counsel where his attorney failed to file a motion for separate trials on the resisting and obstruction charge and the armed robbery charges.
>
> II. The trial court failed to instruct the jury on the defense of alibi and that venue was a required element of the offenses, and Petitioner's counsel was ineffective for failing to request these jury instructions.
>
> III. Petitioner's right to a public trial, to be present during critical stages of trial, and to the effective assistance of counsel was denied during the jury selection process and during the mid-trial voir dire of four jurors conducted in chambers.
>
> IV. Petitioner was denied the effective assistance of counsel by his trial attorney's failure to properly prepare for trial, resulting in the constructive denial of counsel.
>
> V. Insufficient evidence was presented at trial to prove Petitioner's identity and the venue of the offenses.

3

VI. Petitioner was denied the effective assistance of appellate counsel for failing to raise the above issues in the Michigan Court of Appeals during his appeal of right.

The application was denied by the Michigan Supreme Court by standard order. *People v. Marks*, 819 N.W.2d 896 (Mich. 2012) (Table).

Petitioner then returned to the trial court and filed a motion for relief from judgment, raising the following claims:

I. Petitioner was denied the effective assistance of counsel for his trial attorney's failing to object to Brahim Bucetta's in-court identification testimony.

II. The prosecutor committed misconduct by distorting the concept of reasonable doubt during closing argument.

III. Petitioner was denied the effective assistance of appellate counsel where his attorney failed to raise a challenge to the trial court's jurisdiction to try him on direct appeal.

Petitioner also filed a supplement brief asserting that the in-court identification testimony of the victim should have been suppressed. The trial court denied the motion for relief from judgment, finding "defendant has not established good cause for failing to previously raise these issues." (Dkt. #10-10.)

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The application was denied because Petitioner "alleges grounds for relief that could have been raised previously and he has failed to establish both good cause for failing to previously raise these issues and actual prejudice from the irregularities alleged, and has not established that good cause should be waived. Mich. Ct. R. 6.508(D)(3)(a) and (b)." *People v. Marks*, No. 325846 (Mich. Ct. App. April 15, 2015). Petitioner applied for leave to appeal this decision in the Michigan Supreme Court, but it was denied under Michigan

Court Rule 6.508(D). *People v. Marks*, 874 N.W.2d 700 (Mich. 2016) (Table).

## II. STANDARD

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (*per curiam*) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woods v. Etherton*, 136 S. Ct. 1149, 1152, (2016) (habeas relief precluded if state court decision is "not beyond the realm of possibility [from what] a fairminded jurist could conclude").

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

### III. DISCUSSION

All of Petitioner's habeas claims were presented to the state courts in his motion for relief from judgment and the appeal that followed its denial. The trial court specifically found that review of the claims was barred by Petitioner's failure to raise the claims on direct review, and the Michigan Court of Appeals likewise deemed the claims barred from review under Michigan Court Rule 6.508(D)(3), the state court rule that requires a defendant to establish "good cause" and "actual prejudice" in order to raise claims on post-conviction review that were not raised on direct review. Respondent asserts that the state courts' reliance on this procedural basis for denying Petitioner relief also bars review of Petitioner's claims in this action.

When a claim is denied in state court "due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review." *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (citing *Wainwright v. Sykes,* 433 U.S. 72, 80, 84-87 (1977)). The Michigan Court of Appeals clearly denied Petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), thus, Petitioner's

claims are procedurally defaulted. See *Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007). Petitioner may obtain habeas review of his claims only by showing "cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Sykes*, 433 U.S. at 87, 90-91.

The only apparent "cause" argument is that Petitioner's appellate counsel was ineffective for failing to raise his post-conviction claims during his appeal of right. It is well established, however, that a criminal defendant does not have a constitutional right to have his appellate counsel raise every non-frivolous issue on appeal. See *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "The hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-752). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *Meade*

*v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

In omitting claims that Petitioner would later raise for the first time in his post-conviction review proceeding, appellate counsel's performance did not fall outside the wide range of professionally competent assistance because all such claims are completely devoid of merit.

First, Petitioner claims that his counsel should have challenged the in-court identification of the victim. Petitioner states that there was no pretrial identification line-up procedure performed by police, and therefore having the victim identify him for the first time at the preliminary examination when he was the only person seated at the defense table constituted an impermissibly suggestive identification procedure tainting his subsequent identification at trial.

Due process requires suppression of eyewitness identification evidence "when law enforcement officers use an identification procedure that is both suggestive and unnecessary." *Perry v. New Hampshire*, 565 U.S. 228, 132 S. Ct. 716, 718 (2012). A pretrial identification violates due process where: (1) the identification procedure is impermissibly suggestive; and (2) the suggestive procedure gives rise to a very substantial likelihood of misidentification. *Neil v. Biggers*, 409 U.S. 188, 197-98 (1972); *Manson v. Brathwaite*, 432 U.S. 98 (1977). "[R]eliability is the linchpin in determining the admissibility of identification testimony. *Brathwaite*, 432 U.S. at 114. A court must undertake a two-step analysis to determine the validity of a pretrial identification. First, the court must determine whether the procedure was unduly suggestive. If the court finds that the procedure was unduly suggestive, the court must then "evaluate the totality of the circumstances to determine whether the identification was nevertheless reliable." *Ledbetter v. Edwards*, 35

F.3d 1062, 1070 (6th Cir. 1994).

Here, though the identification of Petitioner at the preliminary examination was to some extent suggestive, taking into account the totality of the circumstances, the identification was nevertheless reliable. The evidence presented at trial indicated that Petitioner was arrested mere moments after the crime was committed. He was wearing the disguise described by the victim, and he had the victim's wallet in his possession. Under the circumstances of this case there was no "substantial likelihood of misidentification" because the evidence presented at trial demonstrated that Petitioner's identification as the assailant was reliable notwithstanding the victim being asked to identify the assailant in court rather than in a lineup. The claim is without merit, and Petitioner's counsel was not ineffective for failing to raise it on appeal.

Second, Petitioner asserts that his appellate counsel should have asserted that the prosecutor committed misconduct during closing argument. A fair reading of the complained-of passage belies Petitioner's claim that the prosecutor misstated the burden of proof:

> "And you're going to hear an instruction about reasonable doubt that you've already heard before. When you think about that standard keep something in mind[:] reasonable doubt is a high standard. We embrace that standard and we believe the evidence is way beyond that standard in this case. We suggest to you it's way beyond that standard in this case. . . . [but] just keep in mind that there's a difference between what's possible and what is reasonable. And in this case the evidence overwhelmingly proves the defendant's guilt beyond a reasonable doubt."

(Dkt. #10-5, Pg. ID 354-56.)

When a defendant makes a claim of prosecutorial misconduct, "the touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Cockream v. Jones*, 382 Fed. Appx. 479, 484 (6th Cir., June 29, 2010) (quoting *Smith v.*

9

*Phillips*, 455 U.S. 209, 219 (1982)). Petitioner must do more than show that the prosecutor's conduct was "undesirable or even universally condemned." *Darden*, 477 U.S. at 181. Instead, Petitioner must demonstrate that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id*.

There was nothing "undesirable"—or even incorrect—about the prosecutor's statement regarding the beyond-a-reasonable-doubt standard. The statement certainly did not constitute the type of flagrant and unfairly prejudicial comment requiring Petitioner's appellate counsel to raise the issue on appeal.

Third, Petitioner asserts that his counsel should have challenged the jurisdiction of the trial court to try him. The various arguments in support of this claim are all frivolous. Under Michigan law, the state circuit courts are courts of general jurisdiction and "unquestionably have jurisdiction over felony cases." *People v. Lown*, 488 Mich. 242, 268 (2011).

To the extent Petitioner challenges the personal jurisdiction of the trial court, Petitioner was personally present in the state at the time he was arrested. See MICH. COMP. LAWS § 600.701. Petitioner contends that his conviction is void because Michigan's penal code is not listed in the Federal Register, which applies only to federal laws. The suggestion is absurd. Petitioner's challenge to the enactment of Michigan's criminal laws as violating Michigan's constitution is likewise frivolous. Contrary to his construction of the 2004 amendment to the armed robbery statute, the amendment was "ordered to take immediate effect." Mich. Public Act 128 of 2004.

Finally, Petitioner asserts that his appellate counsel should have raised a claim that his Sixth Amendment right to a jury trial was violated when the trial court sentenced him

based on facts not found beyond a reasonable doubt by the jury or admitted by Petitioner. Claims such as these arise from the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. In *Alleyne*, the Supreme Court extended *Apprendi* to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2158.

None of these cases support Petitioner's claim, however. Petitioner was sentenced to indeterminate sentences within the statutory limits for his conspiracy and armed robbery convictions and those sentences do not include a mandatory minimum. The Supreme Court's holding in *Alleyne* dealt with judge-found facts which raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range, see *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014), which is what occurred in Petitioner's case. Unlike the laws at issue in *Apprendi* and *Alleyne*, the Michigan Sentencing Guidelines neither require nor allow a judge to impose a more severe sentence than was previously available. See *United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (collecting cases and noting that at least four post-Alleyne unanimous

11

panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences"). The Sixth Circuit, in fact, has ruled that *Alleyne* did not decide whether judicial fact-finding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. See *Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013).

The court is aware that the Michigan Supreme Court relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial in *People v. Lockridge*, 498 Mich. 358 (2015). That case was decided in 2015, however, years after Petitioner's conviction became final, and Michigan court's have determined that the rule in *Lockridge* does not apply retroactively. *People v. Richards*, 315 Mich. App. 564 (2016). In any event, Petitioner's appellate counsel cannot be deemed to have been ineffective for failing to predict that the Michigan Supreme Court would extend *Apprendi* to the Michigan Sentencing Guidelines. *See, e.g.*, *Dunham v. United States*, 486 F.3d 931, 934 (6th Cir. 2007) (counsel not ineffective for failing to argue for and anticipate ruling in *Booker* after *Apprendi* was decided).

The "failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011). As none of the claims Petitioner raises in his petition have any merit, Petitioner has not shown that he was denied the effective assistance of appellate counsel. Accordingly, Petitioner has failed to demonstrate cause for his procedural default, and review of his claims is therefore barred. The petition will therefore be denied.

## IV. CERTIFICATE OF APPEALABILITY

In order to appeal the court's decision, Petitioner must obtain a certificate of

appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the court's analysis with respect to any of Petitioner's claims because they are devoid of merit and barred by his procedural default. The court will therefore deny a certificate of appealability. Furthermore, the court will deny Petitioner permission to appeal in forma pauperis because any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. CONCLUSION

IT IS ORDERED that the Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that permission to appeal in forma pauperis is DENIED.

  S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: May 8, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 8, 2017, by electronic and/or ordinary mail.

             S/Lisa Wagner
             Case Manager and Deputy Clerk
             (810) 292-6521